### UNITED STATES DISRICT COURT
### NOTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **ISABELLE MACHNIK,** | |
| **Plaintiff,** | **Civil Action No.:** |
| **v.** | **JURY TRIAL DEMANDED** |
| **THE PARADIES SHOPS, LLC,** | |
| **Defendant.** | |

### <u>COMPLAINT FOR DAMAGES</u>

COMES NOW, Isabelle Machnik ("Plaintiff"), by and through undersigned counsel, files this Complaint for Damages against The Paradies Shops, LLC ("Defendant") for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., for discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), § 102, 42 U.S.C.A. § 12112, and for retaliation in violation of § 503(a), 42 U.S.C.A. § 12203(a), and shows the Court as follows:

### I.   JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 as the claims in this action arise under federal law.

2.

Venue properly lies in this judicial district because Defendant does business in this judicial district and the unlawful conduct occurred in this judicial district.

## II. PARTIES

3.

Plaintiff is a resident of Cobb County, Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant is a retail travel company with its principal place of business located at 2849 Paces Ferry Road, Overlook 1, Suite 400, Atlanta, Georgia 30339.

6.

Defendant was at all times required to comply with the Americans with Disabilities Act and the Family Medical Leave Act.

7.

Defendant was at all times an "employer" within the meaning of the Americans with Disabilities Act ("ADA").

8.

Defendant was at all times an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

9.

At all times relevant hereto, Plaintiff was an "employee" within the meaning of the ADA.

10.

At all times relevant hereto, Plaintiff was an "employee" within the meaning of the FMLA.

11.

In 2020, Defendant had 50 or more employees for each working day in each of 20 or more calendar weeks.

12.

In 2021, Defendant had 50 or more employees for each working day in each of 20 or more calendar weeks.

13.

At all times relevant hereto, Plaintiff had a "serious health condition" as defined by the FMLA.

14.

At all times relevant hereto, Plaintiff suffered from conditions that are disabilities under the ADA.

15.

At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16.

At all times relevant hereto, Plaintiff worked at a location where Defendant employed 50 or more employees within 75 miles.

17.

At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

18.

At all times relevant hereto, Plaintiff was "qualified" to perform her job as defined by the ADA.

19.

Plaintiff is an individual over 40 years of age.

### III.    CONDITIONS PRECEDENT

20.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 23, 2020. Ex. A.

21.

The EEOC issued a right to sue letter on or about November 19, 2021. Ex. B. Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue from the EEOC.

### IV.    FACTUAL ALLEGATIONS

22.

Plaintiff was employed by Defendant from on or about February 12, 2018 to March 23, 2020, as a Store Operations Manager.

23.

Plaintiff worked for Defendant in its office located at 2849 Paces Ferry Road, Overlook 1, Suite 400, Atlanta, Georgia 30339.

24.

On January 13, 2020, Plaintiff was in an automobile accident and sustained multiple injuries.

25.

On January 14, 2020, Plaintiff was seen by medical care providers and diagnosed with a herniated disc, chipped teeth, and head trauma.

26.

On January 15, 2020, Plaintiff returned to work with limited use of her left hand, shoulder, and arm.

27.

Due to Plaintiff's condition, she needed to see her doctor on other occasions from January 16, 2020 to January 27, 2020.

28.

On February 5, 2020, Plaintiff met with her supervisor, Bill Pugh. During the meeting, Mr. Pugh pointed his finger and yelled at Plaintiff.

29.

Mr. Pugh was heard screaming at Plaintiff by several employees in earshot range of his office.

30.

Plaintiff reported Mr. Pugh's conduct and verbal abuse to Leigh Stallings in human resources.

31.

Plaintiff's co-worker, Xavier Trapp, witnessed and reported Mr. Pugh's conduct to Defendant's employee hotline to file a complaint.

32.

Several other employees, including Victoria Brady, witnessed or heard the exchange between Plaintiff and Mr. Pugh. Ms. Brady was so concerned she filed a complaint with human resources.

33.

On February 10, 2020, Plaintiff began her FMLA leave. The leave was approved from February 10, 2020 through March 20, 2020.

34.

Plaintiff's leave was extended by her physician until March 31, 2020.

35.

On February 13, 2020, Mr. Pugh texted Plaintiff that her 2019 bonus will be deposited into her account the following day.

36.

On February 14, 2020, Plaintiff texted Mr. Pugh that her 2019 bonus was deposited into her bank account and then removed.

37.

Mr. Pugh replied that Plaintiff should have her bonus deposited into her bank account within two hours.

38.

Plaintiff then contacted Ms. Stallings in human resources and was told she will not receive her bonus until she returns from FMLA leave.

39.

On March 5, 2020, Plaintiff sent Mr. Pugh and Greg Walton an email stating she will return from leave on March 11, 2020, but would like to use her unused

vacation time for an upcoming medical procedure related to her previous car accident.

40.

Mr. Pugh suggested Plaintiff stay on FMLA leave until March 23, 2020, and she did so.

41.

On March 23, 2020, Mr. Pugh informed Plaintiff that Defendant had temporarily closed the support center offices and asked her to join a Skype meeting along with the HR manager, Adam Gerson. During the meeting, Mr. Gerson informed Plaintiff that the company was terminating her employment.

42.

Defendant knew Plaintiff was on FMLA leave until March 31, 2020 and had a disability protected by the ADA.

43.

Defendant's stated reason for terminating Plaintiff's employment was pretextual.

44.

At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

45.

At the time of her termination, Plaintiff was eligible for FMLA leave.

46.

Plaintiff was, at all relevant times, an "employee" as defined by the FMLA and the ADA.

47.

At all times relevant, Plaintiff provided Defendants with enough information so that Defendant could reasonably determine whether the FMLA applied to her need for time off work.

48

Defendant's termination of Plaintiff's employment on March 23, 2020 interfered with her right to take available FMLA-covered leave.

49.

Defendant's termination of Plaintiff's employment on March 23, 2020 was in retaliation for Plaintiff requesting to take fixed FMLA-covered leave.

50.

Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking fixed FMLA-covered leave.

51.

Defendants' termination of Plaintiff interfered with the rights afforded to Plaintiff by the FMLA.

52.

Defendants' actions violate the provisions of 29 U.S.C. §2615(a).

53.

Defendants' actions violate the provisions of 29 U.S.C. §2614(a).

54.

Defendants' actions constitute interference with Plaintiff's rights under the FMLA.

55.

Defendants' actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

56.

Defendants' actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

57.

Defendants' actions were willful as Defendant knew or had reason to know that its actions violated federal law, yet Defendants acted wantonly or with reckless disregard for the law.

58.

Defendants are liable for the actions of its managers and/or agents taken within the scope of their employment with Defendants and its related entities, including the decision to place to terminate Plaintiff.

59.

Defendants' actions, if left unchecked, will deter other employees from exercising their rights under the FMLA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I – DISABILITY DISCRIMINATION

60.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully

herein.

61.

Defendant is and, at all times relevant, has been an "employer" as defined by

the ADA.

62.

Plaintiff was, at all relevant times, an individual with a disability as defined

under the ADA.

63.

Plaintiff was, at all relevant times, "qualified" to perform her job with

Defendant.

64.

Defendant knew, at all relevant times, that Plaintiff had a disability and a

record of a disability as defined by the ADA.

13

65.

Defendant perceived Plaintiff, at all relevant times, as a person with a disability.

66.

Defendant knew Plaintiff needed an accommodation in regards to limited time off work for treatment related to her disability.

67.

Plaintiff requested a reasonable accommodation of leave from work.

68.

Nevertheless, Defendant discriminated against Plaintiff due to her disability, actual or perceived, and her record of disability.

69.

Defendant refused to engage in good faith dialogue to accommodate Plaintiff.

70.

Defendant failed to provide Plaintiff with a reasonable accommodation.

71.

Defendant terminated Plaintiff because of her disability, actual or perceived, and/or her record of disability.

72.

Defendant would not have taken these actions if Plaintiff had not had a disability.

73.

Defendant's actions violate the ADA.

74.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, non-monetary damages, and attorneys' fees.

## COUNT II – RETALIATION

75.

Plaintiff incorporates by reference the preceding paragraphs.

76.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the ADA, entitling Plaintiff to all appropriate relief under the statute.

77.

Defendant terminated Plaintiff because of her request for medically necessary leave to treat her disability.

78.

Any reason given for Plaintiff's termination is pretext for unlawful disability discrimination and/or retaliation.

79.

Defendant terminated Plaintiff in retaliation of her exercise of rights protected by the ADA. In doing so, Defendant violated the ADA.

80.

As a result of her termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover.

81.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

## COUNT III – FMLA INTERFERENCE

### 82.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

### 83.

Defendant's termination of Plaintiff prior to the expiration of her covered leave constitutes interference with Plaintiff's rights under the FMLA.

### 84.

Defendant's failure to reinstate Plaintiff to the same or similar position constitutes interference with Plaintiff's rights under the FMLA.

### 85.

As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, liquidated damages, and attorneys' fees.

### 86.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

### 87.

Defendant's violations of the FMLA were willful.

88.

Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

## COUNT IV – FMLA RETALIATION

89.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

90.

Defendant retaliated against Plaintiff because she exercised her rights under the FMLA or attempted to exercise her rights under the FMLA.

91.

Defendant retaliated against Plaintiff because she was likely to exercise her rights under the FMLA in the future.

92.

Defendant had actual or constructive knowledge of the retaliatory conduct of Plaintiff's supervisor.

93.

Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

94.

Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff took FMLA-covered leave.

95.

Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

96.

As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, liquidated damages, and attorneys' fees.

97.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

98.

Defendant's violations of the FMLA were willful.

99.

Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

## COUNT V – AGE DISCRIMINATION

100.

Plaintiff reincorporates the preceding paragraphs and adopts all allegations contained herein.

101.

Plaintiff is over 40 years old.

102.

Plaintiff suffered discrimination because of her age when Defendant terminated her employment.

103.

Plaintiff was treated less favorably than her substantially younger colleagues because of her age.

104.

Defendant took an adverse employment action against Plaintiff because of her age.

105.

Defendant's discriminatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

106.

Defendant's discriminatory acts and omissions occurred because of Plaintiff's age.

107.

As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation.

108.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

109.

Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 621 *et seq.*

**WHEREFORE**, Plaintiff respectfully requests that this Court:

       a.     judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the ADA, FMLA, and the ADEA;

       b.     judgment in her favor and against Defendant for compensatory damages, non-economic damages, and liquidated damages, in an amount to be determined by a jury of her peers;

       c.     judgment in her favor and against Defendant for front pay, to be determined by the Court;

       d.     judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses.

       e.     declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under ADA. FMLA, and the ADEA;

       f.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Dated: January 31, 2022

Respectfully submitted,

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 495-1682
Email: jstephens@forthepeople.com

*Counsel for Plaintiff*